By the Court—Hoffman, J.
It seems to me that the claims of the plaintiff upon the defendant Sturges must be adjusted upon one of two principles: 1st. Upon the assumption that the plaintiff has ratified the sale to the New York Ice Company; or, 2d. That he repudiates it altogether. Certainly, he cannot reap an advantage from it in one particular, and reject it in every other.
It deserves notice, in this connection, that the Referee has nowhere impeached the honesty nor even the utility of the sale in question, and acceptance of the stock for the-property. He finds that Cheeseman did not concur in it; but he does not find that it was made with any fraudulent intent, nor even that it was not an advantageous arrangement for all concerned. The evidence does not show that it was not beneficial and advisable.
It is, also, to be noticed, that there is no ground to hold Sturges chargeable with $140,000 as cash. No money was, in truth, passed upon the transaction. This is alleged in the complaint, *532 admitted in the answers, and found by the Referee. “ The taking money for the conveyance was only an indirect mode of obtaining the stock, by a conversion of the property into such stock.”
1. It follows, on the first assumption, (viz., that the plaintiff had ratified the sale to the Ice Company,) that Oheeseman was under a liability to pay Sturges his share of the balance of the advances of the latter, viz., one-third of $79,058.75, and also two-thirds of his own debit balance, viz., two-thirds of $1,452.44, and had a right to the one-third of the stock substituted for the original property. It follows, also, that, to treat the stock in Sturges hands as actual cash, so as to liquidate his money advance bjr its par value, is inadmissible.
2. On the second hypothesis, viz., that the plaintiff repudiated the sale, the sale was, as to Oheeseman, void. The property is to be deemed to remain in Sturges’ hands. Its value must be ascertained as it existed at the time of such sale. Oheeseman has a right to be credited with his share of that value, to be offset against his proportion of the money advances, and must pay, or is entitled to receive, any balance which may be found.
Has the plaintiff elected his relief? I think it clear that he has. He expressly seeks “that Sturges shall pay over and transfer to him his equal joint share or portion of such money and stock so received by him as aforesaid.” He asks for an inj unction restraining Sturges and the other defendants from disposing of the said stock. He prays for an order restraining the defendants from transferring or incumbering said shares of the capital, stock, or property, or ¿hoses in action, which may have come into their hands as aforesaid, and any other stock, property or choses in action which may have come into their hands in exchange for, or in lieu of, said stock, received as aforesaid.”
It appears by the statement in the case, that an injunction was obtained, which was afterwards modified. The plaintiff sought to obtain his security and relief out of the stock of the New York Ice Company sold by the defendant. He has not proceeded upon a disaffirmance of the sale, and a demand for his share of the property sold according to its real value, to be adjudged against the defendant as a money demand, if a balance is found due to him. He follows the specific stock as a better indemnity and security for his rights.
*533 He cannot then have more than his aliquot proportion of that stock, paying his due proportion of the money debt.
There is in the evidence, as stated by counsel, and known from motions and proceedings in the cause, to one of the Judges, that a change has been made in this stock upon a consolidation, as it is termed. It may be that the New York Ice Company stock really does not exist. We cannot say what, if any, changes may be made in the rights and obligations of the parties by such circumstances. They may perhaps be brought before the Referee, and .will receive from him what attention they deserve.
We think that there must be a n.ew trial. The defendant cannot be held responsible to take stock at par in discharge of his money demand.
In relation to the plaintiff ’s proportion, we do not find sufficient in the case to warrant the setting aside the conclusion of the Referee, that he did not consent to the introduction of the Thorps as partners. His share then remaining one-third.
There are several exceptions taken to the details of the accounts, which we have not examined, and upon the merits of which we are not to be considered as passing.
Judgment reversed, and new trial ordered, with costs to abide the event.